UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN R. CAIOLA,

                        Plaintiff

                  v.                                   1:04-CV-623
                                                              (FJS/DRH)
BERKSHIRE MEDICAL CENTER, INC.;
BERKSHIRE HEALTH SYSTEMS; LINDA M.
PERRY; ILLEGIBLE ER MEDICAL RESIDENT;
and JAMES M. WHEELER, P.A.,

                        Defendants.
_____

**APPEARANCES**                                      **OF COUNSEL**

**OLIVER & OLIVER**                         **LEWIS B. OLIVER, JR., ESQ.**
156 Madison Avenue
Albany, New York 12202
Attorneys for Plaintiff

**CAIN, HIBBARD, MYERS & COOK, P.C.**    **COURTNEY S. LANE, ESQ.**
309 Main Street                                  **DIANE M. DEGIACOMO, ESQ.**
Great Barrington, Massachusetts 01230       **LISA M. MCCORMACK, ESQ.**
Attorneys for Defendants Berkshire Medical    **LUCY PRASHKER, ESQ.**
Center, Inc., Berkshire Health Systems, and
James M. Wheeler, P.A.

**FOSTER & ELDRIDGE, LLP**                **DANIEL J. BUONICONTI, ESQ.**
One Canal Park
Suite 2100
Cambridge, Massachusetts 02141
Attorneys for Defendant Linda M. Perry

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On June 1, 2004, Plaintiff filed this medical malpractice action asserting that Defendants did not properly diagnose and treat a laceration to Plaintiff's right hand by failing to recognize that tendons had been severed. On November 17, 2004, Magistrate Judge Homer referred this case to a Massachusetts medical malpractice tribunal for proceedings pursuant to Mass. Gen. Laws ch. 231, § 60B. Currently before the Court are Defendants' motion to dismiss Plaintiff's medical malpractice claims based on Plaintiff's failure to file a bond with the Massachusetts medical malpractice tribunal after not prevailing before the tribunal and Plaintiff's cross-motion for various relief including relief from the requirement to comply with the Massachusetts medical malpractice tribunal procedure and bond requirement.

## II. BACKGROUND

After Plaintiff filed his medical malpractice action in this Court, Defendants filed a memorandum of law asserting that the magistrate judge must refer the case to a Massachusetts medical malpractice tribunal pursuant to Massachusetts law. On November 17, 2004, Magistrate Judge Homer issued his Memorandum-Decision and Order granting Defendants' request.[1] *See*

---

[1] Magistrate Judge Homer described the tribunal procedure pursuant to Mass. Gen. Laws ch. 231, § 60B, as follows. The tribunal consists of a Superior Court judge, a physician, and a Massachusetts licensed attorney. The tribunal reviews the plaintiff's proffer of evidence as a judge at a civil trial would rule on a defendant's motion for a directed verdict. The plaintiff can waive the malpractice tribunal by not offering proof and filing a bond with the Superior Court. If the plaintiff offers evidence and the tribunal decides in the defendant's favor, the plaintiff is required to post a bond. If a non-prevailing plaintiff fails to post a bond, the tribunal must dismiss the claim with prejudice. *See* Dkt. No. 18 at 4-5 (citing Mass. Gen. Laws ch. 231, § 60B) (other citations omitted).

Dkt. No. 18. After determining that there was no direct conflict between the Massachusetts tribunal law and the federal rules under the Rules Enabling Act, Magistrate Judge Homer evaluated whether he was required to refer this case pursuant to the *Erie* doctrine. He determined that Massachusetts' requirement that a plaintiff who does not prevail at the tribunal must post a bond to proceed with his medical malpractice case constitutes a substantive liability rule that does not exist in federal courts. *See id.* at 7-8. Magistrate Judge Homer also concluded that, if he did not refer this case to a Massachusetts medical malpractice tribunal, it would encourage forum-shopping and foster the inequitable administration of the law. *See id.* at 8. Therefore, he referred this case to a Massachusetts medical malpractice tribunal.

The Commonwealth of Massachusetts Superior Court, Berkshire County, scheduled a tribunal hearing on April 11, 2005, and notified Plaintiff that, pursuant to Superior Court Standing Order 1-82 and Mass. Gen. Laws ch. 231, § 60B, three copies of his offer of proof were due fifteen days before the hearing. Plaintiff obtained a continuance purportedly due to his counsel's obligations in New York State Supreme Court.[2] The Superior Court scheduled a second tribunal hearing for September 19, 2005, but Plaintiff obtained another continuance due to his counsel's obligations in New York State Supreme Court. Finally, the Superior Court scheduled a third tribunal hearing for November 7, 2005. When Plaintiff requested another continuance by letter, the Clerk of the Superior Court (for Judge Ford) denied the request, advised Plaintiff's counsel that he should file a formal motion supported by an affidavit, and

---

[2] The Superior Court, in its later denial of Plaintiff's third request for a continuance, stated that it granted the first continuance to allow Plaintiff's counsel time to obtain admission to the Massachusetts bar. *See* Defendants' Memorandum of Law at Exhibit "E."

noted that Plaintiff's counsel still had not filed a motion for *pro hac vice* admission to that court.[3] *See* Defendants' Memorandum of Law at Exhibit "E."

On November 7, 2005, Plaintiff's counsel did not appear before the tribunal. However, he had an attempted offer of proof delivered to the tribunal that day along with an attempted petition for *pro hac vice* admission. The Superior Court found that Plaintiff's counsel had not timely filed the offer of proof and noted that it was long overdue. *See* Defendants' Memorandum of Law at Exhibit "F." It also found that Plaintiff's counsel's *pro hac vice* petition was defective because it was not supported by a member of the Massachusetts bar. *See id.* Therefore, the court determined that Plaintiff's counsel could not represent a client before a Massachusetts court. *See id.* For these reasons, the court determined that "there [was] no properly filed offer of proof before the Court (Ford, J)." *See id.* Consequently, the Superior Court issued a series of orders requiring Plaintiff to post a $6,000 bond to maintain his claim before December 8, 2005, or face dismissal of his claim.[4] *See* Defendants' Memorandum of Law at Exhibit "G."

On December 7, 2005, Plaintiff filed a 35-page affirmation requesting that Magistrate Judge Homer (1) relieve him from complying with the medical malpractice tribunal procedures, (2) relieve him from the bond requirement; (3) not allow the tribunal's finding to be admitted

---

[3] Defendants allege that Plaintiff was advised of the need to gain admission to the Massachusetts bar as early as March 2005.

[4] The Superior Court issued one order per Defendant. It appears that Plaintiff was required to post a bond for each Defendant rather than just one bond. *Cf. McCagg v. Berkshire Med. Ctr.*, Civil Action No. 82-0386, 1983 U.S. Dist. LEXIS 14267, *7 (D. Mass. Aug. 29, 1983). However, since Plaintiff admittedly did not post any bond, it is immaterial for the purposes of this motion.

into evidence, (4) direct the tribunal to reconvene and allow his counsel to represent him without hiring an attorney admitted to practice in Massachusetts, or (5) "provide the plaintiff with instructions about in what court and where and how plaintiff must file a bond in the amount of $6,000.00" *See* Affirmation of Lewis B. Oliver, Jr., sworn to Dec. 7, 2005, at 34-35.

In the meantime, Plaintiff did not post a bond with the Massachusetts tribunal before the deadline on December 8, 2005. Therefore, the Superior Court issued its judgment dismissing Plaintiff's claim with prejudice on December 9, 2005. *See* Defendants' Memorandum of Law at Exhibit "A." Thereafter, on December 30, 2005, Defendants filed their motion to dismiss Plaintiff's claim in this Court due to his failure to post the required bond under Massachusetts law.

Concerning Plaintiff's December 7, 2005 affirmation, Magistrate Judge Homer held a hearing on January 3, 2006. At that time, Plaintiff's counsel confusingly asserted that he was not requesting reconsideration of Magistrate Judge Homer's Memorandum-Decision and Order requiring Plaintiff to comply with the tribunal procedure but that he was asking to be relieved of the obligation to follow the Massachusetts bond requirement.[5] Magistrate Judge Homer inquired whether Plaintiff was seeking reconsideration of his previous Memorandum-Decision and Order:

> THE COURT:    It sounds like a motion for reconsideration.
>
> MR. OLIVER:   I think that what we are asking for is the
>               Court's intervention to relieve the plaintiff

---

[5] Plaintiff now asserts that he was appealing the tribunal's decision to Magistrate Judge Homer, but his affirmation was not designated as an appeal. Furthermore, at the hearing, Plaintiff's counsel did not clarify that the affirmation was intended as an appeal when Magistrate Judge Homer questioned him about the nature of the document.

          from the harsh result of my apparently not
          being admitted to practice in Massachusetts.
          . . .

          * * *

THE COURT:   The record – the docket sheet indicates that
          defendants have already filed a joint motion
          to dismiss, apparently based on the
          Berkshire procedures, and that's a
          dispositive motion pending before the
          District Court. Why shouldn't your request
          here be more properly addressed in response
          to that motion?

MR. OLIVER:   Well, of course, I filed this request before
          they made their dispositive motion and my
          theory in making the request before your
          Honor, as a Magistrate, was that you had
          issued the order and so, since I'm asking the
          order be modified in various alternative
          ways, that it would be appropriate to ask you
          to exercise your discretion to do that.

*See id.* at 4-5. Ultimately, Magistrate Judge Homer made alternative rulings at the hearing. He determined that, if he viewed Plaintiff's request as a motion for relief from the Massachusetts Superior Court orders, the District Court should address that request in the context of Defendants' motion to dismiss. Alternatively, if he viewed Plaintiff's request as a motion for reconsideration of his Memorandum-Decision and Order referring the matter to the tribunal, he found the motion untimely and without a sufficient basis. *See id.* at 19.

  Following Magistrate Judge Homer's ruling, Plaintiff filed his cross-motion, requesting that the Court (1) relieve him from complying with the tribunal procedures on the grounds that Plaintiff's offer of proof was sufficient, (2) relieve him from the Massachusetts bond

-6-

requirement, (3) preclude Defendants from offering the tribunal's findings into evidence, (4) direct the Superior Court to accept his offer of proof and re-convene the tribunal without requiring him to engage an attorney admitted to the Massachusetts bar, (5) convene its own medical malpractice tribunal to consider his offer of proof, or (6) provide him with instructions about where and how to post a bond and grant him a thirty-day extension to post the bond. *See* Plaintiff's Notice of Cross-Motion.

### III. DISCUSSION

A Massachusetts medical malpractice tribunal evaluates the plaintiff's offer of proof as a trial judge would evaluate a defendant's motion for a directed verdict. *See Blood v. Lea*, 403 Mass. 430, 433 (1988) (quotation omitted). Thus, a plaintiff must offer the tribunal proof of the following to establish that there is sufficient evidence to warrant further judicial inquiry: (1) that a doctor-patient relationship existed; (2) that the doctor did not conform to good medical practices; and (3) that damage resulted. *See id.* (quotation omitted). Upon review, the appellate court should not attempt a *de novo* review but must limit its inquiry to reviewing the evidence before the tribunal.[6] *See McCagg*, 1983 U.S. Dist. LEXIS 14267, at *8-*9 (citation omitted).

---

[6] Defendants assert that Plaintiff has not established that he can seek appellate review of the tribunal's decision in this Court and, alternatively, that Plaintiff has not timely appealed to this Court. However, federal courts in Massachusetts have determined that, because plaintiffs have the right to appeal a tribunal's decision in the state appellate courts, they should also be allowed to appeal the tribunal's decision in federal court. *See McCagg*, 1983 U.S. Dist. LEXIS 14267, at *6 (citation and footnote omitted). Moreover, since federal procedure generally requires matters to be raised in a district court before they can be argued in a court of appeals, the district court should hear a plaintiff's appeal of the tribunal's decision. *See id.* at *7-*8 (citations omitted).

(continued...)

A. **Plaintiff's offer of proof**

As stated above, the Court's review of the tribunal's decision is limited to the offer of proof before the tribunal. The Superior Court determined that Plaintiff had no offer of proof before the Court because, after two continuances, a warning that the offer of proof was late, and discussions concerning the need for Plaintiff's counsel to be admitted to the Massachusetts bar, Plaintiff only submitted his offer of proof on the day of the tribunal. Moreover, Plaintiff's counsel did not gain admission to the Massachusetts bar and did not appear before the tribunal.

When Magistrate Judge Homer referred Plaintiff's claim to the Massachusetts medical malpractice tribunal under the auspices of the Commonwealth of Massachusetts Superior Court, Plaintiff's counsel should have been aware that a segment of the case was occurring in a non-New York court with its own rules and procedures. If he were unaware, the Superior Court notified him. The Superior Court's original Notice of Tribunal, dated March 2, 2005, cited Superior Court Standing Order 1-82, which requires a plaintiff to file his offer of proof "**not less than fifteen (15) days prior to the date of the hearing before the tribunal.**" *See* Defendants' Memorandum of Law at Exhibit "D." Plaintiff has offered no reason for his failure to comply with this requirement. Moreover, the requirement that an attorney gain admission to the bar in

---

[6](...continued)
Defendants also assert that Plaintiff's appeal is untimely because he filed his cross-motion more than thirty days after the tribunal's judgment, but the parties have not briefed the issue of whether Massachusetts' requirement of appeal within thirty days applies in federal court. If the thirty-day rule applies, it is likely that Plaintiff's appeal would be deemed untimely for two reasons. First, Plaintiff's affirmation before Magistrate Judge Homer was filed before the Superior Court's judgment; therefore, it cannot be considered an appeal. Second, the court's judgment was dated December 9, 2005, and Plaintiff did not file the current motion until January 17, 2006 – more than thirty days later. However, the Court will assume the propriety of this motion as an appeal because it reaches the same outcome in any event.

the state in which he is practicing law is well-established, and Plaintiff offers no authority to support the proposition that this Court has the power to require a Massachusetts court to allow an unlicensed attorney to practice before it.[7,8] Therefore, the Court concludes that the Massachusetts tribunal did not err when it determined that it had no valid offer of proof before it. Having reached this conclusion, the only way Plaintiff could succeed in reversing the Superior Court's judgment would be for this Court to engage in an unavailable *de novo* review of evidence that the tribunal never considered. Accordingly, the Court finds that the tribunal did not err in finding that Plaintiff had not met his evidentiary burden and denies his appeal.

### B.   The Massachusetts bond requirement

Plaintiff also requests that the Court relieve him from the Massachusetts medical malpractice bond requirement. As noted above, a plaintiff who does not prevail in the tribunal must post a bond within thirty days to maintain his medical malpractice action. The bond requirement serves an important public policy in Massachusetts to deter plaintiffs from filing

---

[7] The Court notes that Plaintiff's counsel was generally not diligent in his dealings with the tribunal. He submitted the offer of proof on the day of the hearing, did not appear in person at the hearing, filed his *pro hac vice* petition on the day of the hearing without a Massachusetts attorney sponsor, and did not file a formal motion for a continuance when the Superior Court advised him that his letter request was insufficient. Moreover, it cannot be said that Plaintiff and his counsel had no alternatives to being in this bleak situation – i.e., timely gaining *pro hac vice* admission, complying with the tribunal's deadlines and procedures, and/or engaging a Massachusetts attorney for the limited purpose of appearing before the tribunal.

[8] Contrary to Plaintiff's suggestion, there is no due process right to be admitted *pro hac vice* before the courts of another state. *See Leis v. Flynt*, 439 U.S. 438, 438 (1979) (footnote omitted). Plaintiff has also submitted no authority to support the proposition that this Court can require the Massachusetts tribunal to re-convene to consider his case.

frivolous medical malpractice claims by requiring them to post a bond to cover the defendant's costs in the event that the plaintiff does not prevail. *See* Mass. Gen. Laws Ann. ch. 231, § 60B (West 2007); *Denton v. Beth Israel Hosp.*, 392 Mass. 277, 280 (1984). Although Massachusetts law allows an indigent plaintiff to request that the Superior Court reduce the bond, the court cannot eliminate the bond altogether. *See* Mass. Gen. Laws ch. 231, § 60B (West 2007). Moreover, Magistrate Judge Homer found that the bond requirement is a substantive rule that creates additional liability for medical malpractice plaintiffs.[9] *See* Dkt. No. 18 at 8.

In this case, the Superior Court notified Plaintiff of the bond requirement in four separate orders on November 8, 2005 – one order per Defendant. The court also notified Plaintiff that he had until December 8, 2005, to post bond, but he did not do so. Although Plaintiff asserts that he has modest financial means, he did not request that the Superior Court reduce the bond.[10] Moreover, the relief that Plaintiff requests – eliminating the bond requirement – would violate Massachusetts statutory law. *See* Mass. Gen. Laws ch. 231, § 60B.

In addition, public policy counsels against this Court relieving Plaintiff from the Massachusetts bond requirement. This statutory requirement fosters the significant Massachusetts public policy of reducing the number of frivolous medical malpractice claims. Plaintiff has not demonstrated why the Court should disregard this policy in this case. Furthermore, waiving the bond requirement would essentially void a substantive rule of

---

[9] Plaintiff does not challenge Magistrate Judge Homer's holding.

[10] Plaintiff states that he could not request reduction of the bond because his counsel is not admitted to the Massachusetts bar. The Court refers Plaintiff to its discussion of Plaintiff's alternatives, *supra*.

Massachusetts law and would encourage forum-shopping plaintiffs to file suit in federal court and then disregard the requirements of the Massachusetts tribunal procedure. Such a ruling would put diverse plaintiffs in a superior position compared to Massachusetts plaintiffs. Finally, Plaintiff offers neither authority nor justification for his alternative requests to post a bond with this Court or to post a bond with the Massachusetts tribunal *post hoc*. Therefore, the Court denies Plaintiff's request that the Court relieve him from complying with the Massachusetts medical malpractice tribunal bond requirement.

Accordingly, for the above-stated reasons, the Court denies Plaintiff's cross-motion and the various forms of relief he requests therein.

## C.   Defendants' motion to dismiss Plaintiff's claim

Under Massachusetts law, when a medical malpractice tribunal rules against a plaintiff, the plaintiff has thirty days to post a bond. *See* Mass. Gen. Laws ch. 231, § 60B (West 2007); *Farese v. Connolly*, 422 Mass. 1010, 1010 (1996). If the plaintiff does not post a bond, the court must dismiss the action with prejudice. *See Farese*, 422 Mass. at 1010. In a federal court diversity action, the plaintiff can appeal the tribunal's finding to the district court. *See McCagg*, 1983 U.S. Dist. LEXIS 14267, at *7-*8. However, if the district court upholds the tribunal's finding and the plaintiff has not filed a bond, the court must dismiss the action. *See id.* at *10 (denying the plaintiff's appeal of the tribunal's findings and, therefore, dismissing the plaintiff's claims against the defendants for whom he posted no bond).

In this case, the medical malpractice tribunal ruled against Plaintiff and notified him of

-11-

the need to post a bond within thirty days.  Plaintiff failed to do so.  Moreover, the Court has denied Plaintiff's appeal of that decision.  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's medical malpractice claim.

## IV. CONCLUSION

Accordingly, having reviewed the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's medical malpractice claim is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's cross-motion for relief from the Massachusetts medical malpractice tribunal procedure and bond requirement and various other forms of relief is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: March 30, 2007
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge